# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DOROTHY MANLEY,

    Plaintiff,

v.                                            Case No: 8:14-CV-1327-T-30-TGW

RSC CORPORATION,

    Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon Defendant's Tender of Full Payment and Dispositive Motion to Dismiss Complaint with Prejudice with Incorporated Memorandum of Law (Dkt. #3) and Plaintiff's Response in Opposition to the Motion (Dkt. #5). Upon review and consideration, the Court concludes that the Motion should be denied.

## BACKGROUND

Plaintiff Dorothy Manley ("Manley") brought this suit against Defendant RSC Corporation ("RSC", doing business as ACE WRECKER or ACE WRECKER SERVICE) for overtime wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. (Dkt. #1).

In response to the Complaint, Defendant analyzed all of Manley's time records and found that at most, Manley was entitled to $175.00 for unpaid overtime. (Dkt. #3, p. 3). Doubling that number for liquidated damages, RSC tendered a check to Plaintiff for $350.00 and filed the instant Motion, urging this Court to dismiss Count I with prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). (Dkt. #3, p. 3-4). Plaintiff returned

1

the check to Defendant and responded in opposition, arguing that the tender did not constitute the full relief requested, and therefore did not moot her claim. (Dkt. #5, p. 2).

## DISCUSSION

At issue here is whether Defendant's tender—which is best construed as a settlement offer that was not accepted, *see Fernandez v. Andy Iron Works, Inc.*, 2014 WL 3384701, at *1 (S.D. Fla. July 10, 2014)—rendered Manley's claim moot, therefore depriving this Court of subject-matter jurisdiction and necessitating dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff denies that the claim is moot because the tender did not amount to her full requested relief, which includes attorney's fees, costs, a declaration that RSC violated the FLSA, and a final judgment in her favor and against Defendant. (Dkt. #5, p. 2). Moreover, Plaintiff argues that she never conceded she was only owed $175.00 in overtime pay, although she does not specify what amount she believes she is owed. (Dkt. #5, p. 2).

It is well-established that "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. V. U.S.*, 506 U.S. 9, 12 (1992) (quotations omitted). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1775 (11th Cir. 1993). Consequently, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be

2

dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

The Eleventh Circuit has held that a settlement offer, without an accompanying offer of judgment, does not moot a claim under the Fair Debt Collection Practices Act ("FDCPA"). *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 (11th Cir. 2012). *Zinni* involved three separate cases, consolidated on appeal, with virtually identical fact patterns. In each case, the debt collector offered to settle with the FDCPA plaintiff for $1,001.00 ($1.00 more than the maximum statutory damages available under the FDCPA), as well as an unspecified amount for attorney's fees and costs. *Id.* at 1164-66. None of the plaintiffs accepted the settlement offers. *Id.* The defendants nonetheless moved to dismiss for lack of subject-matter jurisdiction, and the motions were granted by the district court, which held that the offers left the plaintiffs with "no remaining stake" in the litigation. *Id.* at 1164.

On appeal, the Eleventh Circuit reversed, holding that without an accompanying offer of judgment in favor of Appellants and against Appellees, the settlement offers did not furnish the full relief requested. *Id.* at 1167-68. The court emphasized the importance of a final judgment, noting that while a settlement offer is nothing more than a "[p]romise to pay", a judgment can be enforced by the district court. *Id.* Consequently, it concluded that "[t]he district court erred in concluding Appellees' offers of settlement were for full relief such that Appellants' cases were mooted." *Id.* at 1168. The court also noted that even if the settlement checks had been tendered, its ultimate conclusion would have been the same. *Id.* at 1164 n. 5.

Although *Zinni* arose in the context of an FDCPA claim, the Eleventh Circuit has held that it applies to FLSA claims as well. *See Wolff v. Royal Am. Mgmt., Inc.*, 545 F.

3

App'x 791 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 1323, 188 L. Ed. 2d 307 (U.S. 2014). *Wolff* involved a plaintiff who, after filing a complaint alleging overtime wage violations, settled with defendant by accepting its tender of a $3600.00 check for her full amount of itemized damages under the FLSA. *Id.* at 792. After accepting the check and signing a general release, the parties moved the court to determine whether the payment and release mooted the lawsuit. *Id.* The district court found that the settlement had not rendered the action moot, and the Eleventh Circuit affirmed on appeal. *Id.* at 796. Noting that the settlement offer to plaintiff did not include an offer of judgment in her favor and against defendant, the Eleventh Circuit stated that under *Zinni*—which, it observed, expressly relied on an FLSA case from the Fourth Circuit—it was compelled to conclude that the settlement offer did not amount to full relief of plaintiff's claim. *Id.* at 794.

*Zinni* and *Wolff* both make it clear that settlement offers do not moot an action under the FLSA if there is no offer of judgment in favor of the plaintiff and against the defendant, regardless of whether the offer is tendered. In the case at bar, Defendant's tender to Manley did not include an offer of judgment; therefore, it did not render the case moot. A live controversy for this Court to resolve still very much exists.

In its Motion to Dismiss, Defendant cites to *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199 (11th Cir. 2012). However, this reliance on *Dionne* is misplaced. As the *Dionne* court noted, that case addresses a very narrow issue: "[w]hether an employee who conceded that his claim should be dismissed before trial as moot, when the full amount of back pay was tendered, was a prevailing party entitled to statutory attorney's fees under [29 U.S.C.] § 216(b)." *Id.* at 1206 n. 5.

4

The facts of *Dionne* are highly distinguishable from the case at bar.  Manley has not conceded that her claim should be dismissed as moot, or even that the full amount of back pay owed to her was tendered.  Moreover, Defendant does not address the effect that the Eleventh Circuit's opinion in *Zinni* has had on *Dionne*.[1]  Indeed, courts that may have once read *Dionne* as allowing defendants to pay full tender, and then avoid liability for attorneys' fees and costs by having the case dismissed for lack of subject-matter jurisdiction, have changed course in light of *Zinni*.  *Fernandez,* WL 3384701, at *3.

For the foregoing reasons, Defendant's Motion to Dismiss lacks merit, and is denied.

It is therefore ORDERED AND ADJUDGED THAT:

1. Defendant RSC Corporation's Tender of Full Payment and Dispositive Motion to Dismiss Complaint with Prejudice with Incorporated Memorandum of Law (Dkt. #3) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of July, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1327mtd.docx

---

[1] To this point, Defendant does not discuss, or even mention, either *Zinni* or *Wolff* in its Motion. Moreover, every case that Defendant cites in support of its Motion was decided before the Eleventh Circuit decided *Zinni* in August of 2012.

5